IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAUL AGUILAR<br> *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:17-cv-872 |
| NATIONWIDE GENERAL INSURANCE<br>COMPANY AND RICH KUHN<br> *Defendants.* | §<br>§<br>§<br>§ | |

## NOTICE OF REMOVAL

Defendant Nationwide General Insurance Company ("Nationwide"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Raul Aguilar v. Nationwide General Insurance Company and Rich Kuhn*; Cause No. 201709832, in the 55th Judicial District of Harris County, Texas.

## I.
## BACKGROUND

1. Plaintiff Raul Aguilar (hereinafter "Plaintiff") initiated the present action by filing his Original Petition in Cause No. 201709832, in the 55th Judicial District of Harris County, Texas on February 13, 2017 (the "State Court Action").[1]

2. Nationwide appeared and answered on March 17, 2017, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[2]

3. Defendant Rich Kuhn ("Kuhn") has not been served and has not made an appearance in this case.

---

[1]  *See* **Exhibit A**, Plaintiff's Original Petition.

[2]  *See* **Exhibit B**, Nationwide's Original Answer.

4. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Nationwide in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81, a fully copy of the state court file has been requested and will be filed upon receipt.

5. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Nationwide will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 55th Judicial District of Harris County, Texas.

6. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Nationwide of Plaintiff's Original Petition and less than one year after the commencement of this action.

7. All defendants who have been properly joined and served consent to this removal.

## II.
## JURISDICTION

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.    Diversity of Parties**

9. Plaintiff is domiciled in Harris County, Texas.[3] Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

10. Nationwide General Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Arizona. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the States of Ohio and Arizona.

---

[3]    *See* **Exhibit A**, ¶ 2.

11.     Rich Kuhn is domiciled in Cape Coral, Lee County, Florida.[4] Pursuant to 28 U.S.C. § 1332(a), therefore, Kuhn is a citizen of the State of Florida.

12.     Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.      Amount in Controversy**

13.     The amount in controversy in this matter exceeds the federal jurisdictional minimum of $75,000.

14.     Plaintiff's Original Petition fails to comply with Rule 47 of the Texas Rules of Civil Procedure, which requires a litigant's initial pleading to include a statement that elects one of a pre-determined set of ranges of damages. However, in a first-party insurance case, district courts frequently look past the pleadings to analyze a plaintiff's pre-suit demand as well as all categories of damages sought in the lawsuit, including punitive damages.[5] Here, this analysis plainly sets the amount in controversy past the $75,000 threshold for this Court's jurisdiction.[6]

15.     Plaintiff's pre-suit demand outlines damages of $36,158.98,[7] consisting of $26,191.54 in policy benefits allegedly owed for exterior and interior building damages, $5,000 in mental anguish damages, and $5,000 in attorney's fees as of the date of the demand.[8] The

---

[4] *See* **Exhibit A**, ¶ 4.

[5] *See Villarreal v. State Farm Lloyds*, Civ. No. 7:15-cv-292, 2015 WL 5838876 at *2 (S.D. Tex. Oct. 7, 2015) (Alvarez, J.).

[6] *See* **Exhibit C**, Plaintiff's demand letter dated September 15, 2016, and **Exhibit A**, Plaintiff's Original Petition at ¶¶ 58-65, 70.

[7] *See* **Exhibit C**, Plaintiff's demand letter dated September 15, 2016; s*ee also Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 807-08 (W.D. Tex. 2008) (Martinez, J.) (considering pre-suit demand to establish amount in controversy).

[8] *See* **Exhibit C**, Plaintiff's demand letter dated September 15, 2016; *see also H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000) (holding that attorneys' fees are included as part of the amount in controversy); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (concluding that "in addition to policy limits and potential attorney's fees, items to be

amount of Plaintiff's demand does not end the inquiry, however, as penalties and exemplary damages are also included as part of the amount in controversy.[9] Plaintiff's Original Petition alleges knowing conduct as a predicate for additional damages under the Texas Insurance Code, as well as an entitlement to exemplary damages.[10]  Statutory additional damages increase the amount in controversy by up to an additional $52,383.08,[11] and exemplary damages could be as high as at least $200,000, both propelling the amount in controversy well past the $75,000 threshold required for this Court's jurisdiction.[12]

16.   Nationwide expressly denies that Plaintiffs are entitled to any of the damages discussed above.  However, based on Plaintiff's pre-suit demand and the damage categories explicitly sought by Plaintiff's pleading, the amount in controversy requirement for federal diversity jurisdiction is clearly satisfied.

### III.
### CONCLUSION

17.   Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been meet.

18.   WHEREFORE, Defendant Nationwide General Insurance Company hereby provides notice that this action is duly removed.

---

considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages").

[9] *See St. Paul Reinsurance Co.*, 134 F.3d at 1253.  In addition, Plaintiff himself conceded in the demand letter: "please be advised that if our Client's demand is not paid . . . we will seek to recover a significant amount of additional damages including, but not limited to, extra-contractual damages, additional attorney's fees, statutory interest, court costs, and exemplary damages."  **Exhibit C**, Plaintiff's Demand.

[10] **Exhibit A**, Plaintiff's Original Petition, at ¶¶ 61, 64, 70.

[11] TEX. INS. CODE § 541.152.

[12] TEX. CIV. PRAC. & REM. CODE ANN. § 41.008(b); *see also Villareal*, 2015 WL 5838876 at *2 (noting that where a plaintiff seeks exemplary damages, "the judicial threshold requirement of $75,000 could be easily met[.]").

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District Bar No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District Bar No. 1117137
rwall@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail, return receipt requested on this 20th day of March, 2017.

| | |
|---|---|
| Matthew M. Zarghouni<br>Zar Law Firm<br>7322 Southwest Fwy., Suite 1965<br>Houston, Texas 77074<br>matt@zar-law.com | ***9414 7266 9904 2061 9255 56***  |

*/s/ Patrick M. Kemp*
Patrick M. Kemp

5